IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD SIAS, #1948601 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv413 |
| GEORGETTE JACOBS, ET AL. | § | |

ORDER OF PARTIAL DISMISSAL

Plaintiff Donald Sias, an inmate confined at the Terrell Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. In response, Defendants Jacobs, White and UTMB filed a motion to dismiss the claims against them pursuant to Rule 12(b)(1) and Rule 12(b)(6) (Dkt. #37). The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #81) for the disposition of the motion. Magistrate Judge Love recommended that the motion should be granted in part and denied in part. Mr. Sias has filed objections (Dkt. #88).

Factual Allegations

In his amended complaint, the live pleading, Mr. Sias complained that prison officials were deliberately indifferent to his serious medical needs and retaliated against him for complaining about the denial of medical care (Dkt. #14). For purposes of this Order, Mr. Sias is suing the University of Texas-Medical Branch ("UTMB"), and Georgette Jacobs, a UTMB LVN, and Ryan White, a UTMB nurse manager, in their individual and official capacities.

1

Mr. Sias states that he has been diagnosed with (1) bipolarism, (2) hypertension, (3) chronic back, knee and ankle pain from a 2002 fall, and (4) Hepatitis C. He contends that while assigned to the Bradshaw State Jail in February 2016, the Physician's Assistant renewed his prescriptions for his chronic conditions and instructed him to pick up the medications at the unit's Pill Window. When he went to the Pill Window, Defendant Jacobs refused to give him his prescribed blood pressure medicine, chronic pain medication, and his medication for his bipolarism for nine (9) straight days when Defendant Jacobs was the assigned nurse for the Pill Window. He states that she made no effort to look for his medications and told him his medications were not there. When he told her that the health care provider told him that the medications would be there, Nurse Jacobs ordered him to return to his dorm. Mr. Sias states that it is "very risky" for him to go without his hypertension medication and "subjected him to a possible fatal situation." Mr. Sias also states he was in continuous, "substantial" pain without his chronic pain medication. He states that when he went to the Pill Window on the twelfth (12) day, a different nurse was on duty. That nurse gave him his medications and told him that his medications had been there for the past ten (10) days.

Mr. Sias alleges that Defendant White, a nurse manager, intercepted his grievances and complaints that he filed against Defendant Jacobs. Mr. Sias states that thirty (30) days after he filed his initial grievances and complaints and had received no responses, he was involved in an accident in his Vocational Masonry Course wherein six (6) of his fingers were cut, smashed, and freely bleeding. Officer Wingate called the Medical Department for him to be seen by a provider. After Mr. Sias's name and TDCJ number were provided to the Medical Department, the officer was told to tell Mr. Sias to submit an I-60 sick call request even though he was bleeding freely and suffers from Hepatitis C. Mr. Sias states that since the accident happened on Wednesday, he thought he

would be seen the next day on Thursday. When he received his medical lay-in, he was scheduled for the following Monday instead.

When Mr. Sias arrived for his appointment on Monday, he was ordered to go to Defendant White's office. Mr. Sias states that Defendant White informed him that Defendant White had received Mr. Sias's grievances regarding "his nurse" (Defendant Jacobs) and received Mr. Sias's two complaint letters written to Practice Manger Kolton Stoker. Mr. Sias asserts that Defendant White had Mr. Sias's grievances and written complaints in his hands. Mr. Sias states that he told Defendant White that he needed band-aids for his fingers, which were starting to scab over and still bleeding to the touch. Mr. Sias contends that Defendant White said he was not going give the Mr. Sias any band-aids and that he "did not have to 'fucking' see me, unless I was having a heart attack or 'fucking' dying." Mr. Sias alleges that Defendant White then threw a plastic bag with individual [packets of] antibiotic ointment, hitting him in the chest with the bag, and told him to get the "fuck" out of his office and to take it or leave it.

In his Opposition [response] to Defendants' Motion to Dismiss (Dkt. #61), Mr. Sias states that Defendants are aware of his medical history as it is on the computer. He further asserts that the Defendants intentionally and purposefully refused to provide him treatment for his chronic medical conditions.

Mr. Sias further states that he was transferred from the Bradshaw State Jail to the Billy Moore Unit on August 2016. He states that Defendant White is responsible for his transfer because of the grievances he wrote and the fact that Defendant White is the nurse manager at both units. Mr. Sias asserts that Defendant White is retaliating against him for writing grievances in violation of his First Amendment rights.

Mr. Sias contends that he is suing Defendant UTMB because it is the employer of Defendants Jacobs and White and it is liable for its employees' actions. He asserts that Defendant UTMB allowed its employees to continue and cover up the grievances against them. He also states that since he filed his complaints, he has been transferred to a new unit in retaliation. He further asserts that Defendant UTMB allowed its employees to jeopardize his health care and violate his civil rights.

## Report of the Magistrate Judge

After reviewing the pleadings, Magistrate Judge Love concluded that the claims against UTMB and the monetary damages claims against Defendants Jacobs and White in their official capacities should be dismissed for lack of jurisdiction pursuant to the Eleventh Amendment. The Magistrate Judge recommended that the claims for preliminary and permanent injunctive relief should be dismissed as moot. It was also recommended that Defendants' motion to dismiss Mr. Sias's claims for failure to exhaust administrative remedies should be denied. It was further recommended that the medical deliberate indifference claim against Defendant White should be dismissed and the retaliation claims against Defendants Jacobs and White should likewise be dismissed. The Magistrate Judge concluded that Mr. Sias should be allowed to proceed with his medical deliberate indifference claim against Defendant Jacobs.

## Plaintiff's Objections to the Report and Recommendation

Mr. Sias has filed objections. His objections to the Report and Recommendation will be addressed. A number of the objections or complaints raised are about the proceedings and are not specifically related to the findings and recommendations within the Report and Recommendations;

4

*e.g.*, discovery, expert witnesses, denial of appointed counsel. As the unrelated objections or complaints are not appropriately before the court, they will not be addressed herein.

Discussion and Analysis

Objection #1

Mr. Sias first complains that the Magistrate Judge misstated certain facts in the Report and Recommendation (Dkt. #88, ¶5). Mr. Sias states that the Report incorrectly noted that Mr. Sias did not state whether he was denied his Hepatitis C medication (Dkt. #81, p. 2). He says that he told the court in his Exhibit #38 of his Opposition that Hepatitis C medication is only issued three times a year and he has only received it one time in 22 months at Bradshaw State Jail.

Mr. Sias has misconstrued the statement in the Report. The Report was not discussing all the times that Mr. Sias has not received his Hepatitis C medication but whether he was denied his Hepatitis C medication by Defendant Jacobs during the nine or ten days that she was issuing medication from the Pill Window. The objection is overruled.

Objection #2

In his second objection, Mr. Sias has misconstrued the language of the Report (Dkt. #88, ¶7). Mr. Sias complains that the Report is inconsistent because on page 4, the Report states the Mr. Sias is suing the Defendants in their individual and official capacities (Dkt. #81, p. 4), and then on page 8 of the Report (Dkt. #81, p. 8), the Report states that Mr. Sias does not specify whether he is suing the Defendants in their official capacities. Actually, the Report states that Mr. Sias does not specify whether he is suing the Defendants in their official capacities *for money damages*. There is a distinction between suing a defendant in his official capacity for prospective injunctive relief, *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), and suing a defendant in his official

capacity for money damages, *Oliver v. Scott*, 276 F.3d 736, 739 (5th Cir. 2002). The objection is overruled.

Objection #3

In his third objection, Mr. Sias complains that this court should consider "the exhibit, facts and physical evidence" and that the court is not willing to consider the statements of his witnesses as the court denied his subpoena for witness statements (Dkt. #88, ¶8). He also complains that the court is denying him due process because the court is dismissing his case without a hearing or trial, even though he filed a Demand for Trial (Dkt. #88, ¶9). Defendants UTMB, Jacobs and White filed a dispositive motion asking the court to dismiss Mr. Sias's allegations based on the strength, or lack thereof, of the pleadings (Dkt. #37).

In ruling on a Motion to Dismiss, the court cannot look beyond the pleadings. *Spivey v. Robertson*, 97 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.* If a district court considers other information "outside the complaint," it must treat the motion to dismiss as a motion for summary judgment. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). At this juncture in the

proceedings, the court is limited in what it may consider in ruling on the motion to dismiss, without converting the motion to dismiss to a dispositive motion under Rule 56.

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Here, the Defendants' motion to dismiss under Rule 12(b)(1) is a facial attack unaccompanied by supporting evidence. Therefore, this court examines whether the allegations in the pleadings alone, which are assumed to be true, are sufficient to invoke the court's subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–14 (5th Cir. 1981).

Likewise, when a defendant files a motion to dismiss pursuant to Rule 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329-330 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Mr. Sias is not prejudiced nor are his due process rights threatened because the court has undertaken a review of his pleadings pursuant to Rules 12(b)(1) and 12(b)(6). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421. At the pleading stage, the burden is on the plaintiff. This objection is without merit.

Objection #4

Mr. Sias objects to the recommendation that UTMB be dismissed because he did not name a specific person (Dkt. #88, ¶13). Mr. Sias asserts that he filed a motion to correct (Dkt. #33) the defendants but the motion was denied (Dkt. #35). A review of the court's records reflects that Mr. Sias did file a motion for correction that was one page with a modified caption showing that Mr. Sias had added an "unknown Director" as a defendant. That motion was denied (Dkt. #35) because he did not file a complete amended complaint. An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex*. 798 F.2d 736, 740 (5th Cir. 1986). An amended complaint may not refer back to the original complaint with instructions to add, delete or substitute various sentences, paragraphs, sections or defendants. An amended complaint should be a complete complaint which replaces the original complaint. Mr. Sias did not file a corrected, amended complaint after the Order (Dkt. #35) denying his motion to correct.

The Magistrate Judge correctly dismissed UTMB as a defendant pursuant Rule 12(b)(1) as UTMB is entitled to Eleventh Amendment immunity. As to some prospective unknown Director of UTMB, Mr. Sias has alleged no facts showing that an unknown Director was personally involved in the denial of any constitutional violation in his live pleading. Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *see also Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976) (holding that an affirmative link is needed between an injury and conduct of a defendant).

Also, the unknown Director cannot be held liable for the actions of Defendants Jacobs or White. Any allegation that a defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See, Iqbal*, 556 U.S. at 676, citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). Mr. Sias's objection is overruled.

Objection #5

Mr. Sias next objects that his medical deliberate indifference claim against Defendant White should not be dismissed (Dkt. #88, ¶¶14, 23-24). Mr. Sias states that while in Masonry class, he cut and smashed six fingers and was bleeding freely. For the first time, Mr. Sias claims in his objections that Officer Wingate spoke to Defendant White and after Mr. Sias's name and TDCJ number was provided, he was denied medical care by Defendant White because Defendant White did not schedule his sick call appointment until five days later (Dkt. #88, ¶¶14, 23). Conversely, in his amended complaint, Mr. Sias says the officer called the "Medical Department," not identifying whom in the Medical Department took the call and instructing the officer to tell Mr. Sias to submit a sick call request (Dkt. #14, p. 6). The amended complaint does not identify the

person who scheduled the sick call visit for the Monday after the accident; instead inferring the "Medical Department" did (Dkt. #14, p. 6). Defendant White was not identified as the unknown person who spoke to Officer Wingate or scheduled the sick call visit. (Dkt. #14, p. 6). Facts and issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Moreover, accepting *arguendo*, Mr. Sias's newest claim that Defendant White caused the delay in scheduling the sick call visit, his claim does not survive dismissal. A delay in medical care must cause "substantial harm" to be a constitutional violation. *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm.)). Mr. Sias does not allege any substantial harm has occurred from the delay in scheduling the sick call visit. Mr. Sias does complain that his fingers were cut and bleeding and that he is infected with the Hepatitis C virus. These facts do not reflect that Mr. Sias needed emergent care; such as stitches for his cut fingers or that his Hepatitis C condition would worsen because of cut and bleeding fingers.

To the extent that Mr. Sias complains that other inmates should not be subjected to the risk of communicable diseases such as Hepatitis C because he was bleeding (Dkt. #88, ¶¶15, 25), his claim fails because he is not asserting his own rights, but the rights of inmates whom might have come in contact with his blood. *See Northup v. Bell*, No. 6:11-cv-222, 2012 WL 2814307 *14 (Tex. E.D. Jun. 12, 2012). The Fifth Circuit has held that persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, not the rights of

others. *Coon v. Ledbetter,* 780 F.2d 1158, 1159 (5th Cir. 1986); *Miller v. Conway,* 331 F. App'x 664, 665 (11th Cir. 2009); *Reeves v. Collins,* No. 94-10182, 1994 WL 559050 at *2 (5th Cir. Sept. 23, 1994); *Hamm v. Groose,* 15 F.3d 110, 112 (8th Cir. 1994); *Sims v. Kitchen,* Civ. Action No. 8:08-cv-1049, 2009 WL 363619, at *4 (D.S.C. Feb.10, 2009). Mr. Sias's objection is overruled.

Objection #6

Mr. Sias asserts that he is raising a First Amendment claim against Defendant White for withholding grievances and complaints stating that Defendant White interfered with his right to petition the state/government for redress of his grievances (Dkt. #88, ¶¶17, 23).[1] That claim is foreclosed by *Geiger v. Jowers,* 404 F.3d 371 (5th Cir.2005). In *Geiger,* a prisoner alleged that prison officials failed to properly investigate his grievances complaining about perceived civil rights violations. The Fifth Circuit held that the claim was frivolous because a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction. *Id.* at 373-74; *see also Propes v. Mays,* 169 F. App'x 183, 184-85 (5th Cir. 2006).

Within the same objections (Dkt. #88, ¶¶17, 22(1), 27), Mr. Sias also objects that Defendant White violated his Fifth and Fourteenth Amendment rights. A careful review of Mr. Sias's Amended Complaint (Dkt. #14) does not reveal any cause of action or factual pattern demonstrating that Mr. Sias raised a Fifth or Fourteenth Amendment claim against Defendant White. Facts and issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Armstrong*, 951 F.2d at 630; *Cupit*, 28 F.3d at 535 n.5. 1994). Mr. Sias's objection is overruled.

---

[1] The court notes that Mr. Sias is surviving a challenge to his suit for alleged failure to exhaust administrative remedies because of Defendant White's alleged interference with his grievances.

Objection #7

Mr. Sias objects to the recommendation that his retaliation claim against Defendant White be dismissed (Dkt. #88, ¶¶18-19). He points to the fact that he was transferred three times and that Defendant White was the nurse manager at both the Bradshaw State Jail and the Billy Moore Unit as support for his claim. The Report and Recommendation found that TDCJ's State Classification Committee has the sole responsibility for transferring inmates from unit to unit. *See Moore v. Lightfoot*, 286 F. App'x 844 (5th Cir. 2008) (State Classification member was not liable for transferring aggressor rather than plaintiff); *Lily v. Webb*, Cause No. 6:08-cv-118, 2008 WL 5412374 *2 (E.D. Tex. Dec. 29, 2008) (the State Classification Committee must approve or disprove the recommendation to transfer). As such, the Report concluded that Defendant White could not have transferred Mr. Sias from unit to unit in retaliation for filing grievances (Dkt. #81, pp. 17-20).

In his objections, Mr. Sias asserts that Defendant White, as a nurse manager, could have recommended or referred Mr. Sias for unit transfer. While it is possible that Defendant White could have recommended that Mr. Sias be transferred, it is not plausible that TDCJ's State Classification Committee would have transferred Mr. Sias three times on Defendant White's request only. To carry out Mr. Sias's logic to its conclusion, TDCJ's State Classification Committee would have to be involved in a conspiracy with Defendant White to retaliate against Mr. Sias by transferring him from unit to unit based on Defendant White's request only. This speculative conclusion is implausible. Mr. Sias's objection is overruled.

Objection #8

Mr. Sias objects to the Defendants being entitled to qualified immunity (Dkt. #88, ¶¶20-22). Although the Defendants requested that the court dismiss the claims against them on the basis of qualified immunity in their motion to dismiss (Dkt. #37, pp. 14-15), the Report and Recommendation did not recommend that qualified immunity be granted as to either defendant (Dkt. #81, pp. 20-22). The Report recommended that the qualified immunity analysis not be reached for the medical deliberate indifference claim as to Defendant White and as to the retaliation claim against Defendants Jacob and White as Mr. Sias failed to state a claim that rose to the level of a constitutional violation. The Report also recommended that the qualified immunity analysis could not be reached as to the medical deliberate indifference claim regarding Defendant Jacobs because factual issues remain. Mr. Sias's objection is overruled.

Conclusion

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Sias to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Sias's objections are without merit. It is therefore

**ORDERED** that Defendants UTMB, Georgette Jacobs, and Ryan White's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. #37) is **GRANTED**, in part, and **DENIED**, in part. The motion is granted as to Mr. Sias's claims against (1) UTMB, (2) Defendants Jacobs and White for monetary damages in their official capacities, (3) the medical deliberate

indifference claim against Defendant White, and (4) the retaliation claims brought against Defendants Jacobs and White. The motion is denied in all other respects.

**So Ordered and Signed**
**Mar 14, 2018**

_____
Ron Clark, United States District Judge