IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD SIAS, #1948601 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv413 |
| GEORGETTE JACOBS, ET AL. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Donald Sias, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On May 8, 2019, the Court issued an Order granting Plaintiff's motion for leave to proceed *in forma pauperis* on appeal and ordering him to pay an initial partial filing fee of $ 0.22 within 30 days of receipt of the Order. (Dkt. #170). The Order was mailed to Plaintiff at his last known address, which was the Terrell Unit in Rosharon, Texas. On May 28, 2019, the Order was returned to the Court with the notations that it was undeliverable, unable to forward, return to sender, and discharged. (Dkt. #171). Plaintiff is no longer confined within the Texas prison system.

On the second page of Plaintiff's original complaint, under "Change of Address," Plaintiff was informed that the "[f]ailure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." (Dkt. #1, p. 2). This requirement is also memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (*i.e.*, a P.O. Box is not acceptable) and is responsible for keeping the clerk advised in writing of the current

physical address." As of today, Plaintiff has not provided the Court with a new address. He has failed to prosecute this case.

The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980).

## Recommendation

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 12th day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE